Judge Marshall

delivered the Opinion of the Court.
Haley having purchased a piece of land in the woods built the walls of a log cabin upon it, and covered it in, except one course of boards, intending to remove to it as soon as he could make the necessary preparations; he also cut some rail timber, and cut some logs for another house, and being called away for the purpose of gathering fodder, was absent from the premises about two weeks, having left his tools in the unfinished house. During this absence, Palmer, who bad rented the premises from Smith, came there for the purpose of commencing an improvement, and finding the cabin (which he truly supposed had been built by Haley,) finished the covering cut a door way, hung a door with a lock, split some rails, and enclosed half an acre, including the house, which he locked up, leaving in it a broad axe, an old coat, and a broken skillet, and also the broad axe of Haley. When Haley returned at the end of two weeks, finding things in this condition, and no person on the premises, he drew the staple of the lock, entered the *321 house and has occupied it ever since. Within two years after this re-entry of Haley, Palmer sued out a warrant of forcible entry and detainer against him, and upon the trial of the traverse in the Circuit Court, the jury, under the instructions of the Court, found a verdict for Palmer; on which a judgment oí restitution was rendered, notwithstanding Haley’s motion for a new trial.
Upon these facts, we think it very clear that unless it can be inferred — which we think it cannot be — that Haley abandoned his possession of the premises, his possession continued notwithstanding his temporary absence, and was unbroken by the acts of Palmer, except so far as it may be considered as being interrupted by mere acts of trespass, However clearly the acts of Palmer may have indicated an intention to occupy and enjoy the premises at some future time, neither his working upon the house which Haley had built, nor his enclosing it with a fence, nor his locking the door, amounted to an actual ouster of Haley’s possession. And if his placing and leaving in the house a few articles of personal property, could have the effect of giving or continuing a possession, the like effect should be allowed to the similar acts of Haley, whose tools were in the house when Palmer first saw it, and remained in it until Haley returned. So that upon the most favorable view of Palmer’s case, it is subject to the application of the principle that, if two are in possession, the possession shall be taken to be m him who has the better right. And upon this principle, the possession was in Haley, and he did not subject himself to be turned out by writ of forcible entry, when he entered peaceably into his own house occupied by his own goods.
We are not, however, to be understood as basing our conclusion in this case, upon the mere circumstance, that Haley’s tools remained in the house. We think Palmer acquired no possession; none at least, which continued while he himself was absent from the premises. And that nothing less than an actual, beneficial use or enjoyment of the premises on his part, or an actual expulsion of Haley, could have changed the possession, so as to make Haley guilty of a forcible entry by entering upon *322 the premises peaceably, in the absence of Palmer, and all other persons claiming to be in possession.
The instruction of the Court and the verdict of the jury having been entirely inconsistent with this opinion, a new trial should have been granted.
Wherefore, the judgment is reversed, and the cause remanded for a new trial, on principles not inconsistent with this opinion.